**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**October 4, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

EDWIN HARDEE TURLINGTON, II,

    Plaintiff - Appellant,

v.

WINSTON H. CONNOR, II;
STOCKWELL & CONNOR, PLLC;
DELAWARE COUNTY, OKLAHOMA;
DELAWARE COUNTY SHERIFF'S
OFFICE; HARLAN MAX MOORE,
Sheriff; MELVIN GAYLE WELLS;
EDDIE JAMES WYANT; WYANT LAW
FIRM, PLLC; KENNETH EARL
WRIGHT, III; OFFICE OF THE
DISTRICT ATTORNEY FOR THE 13TH
DISTRICT; NICHOLAS LELECAS;
GROVE OKLAHOMA POLICE
DEPARTMENT; SGT. JERRY
BOHANNON; JEFF STOUT; MICHAEL
STEVEN REED; CITY OF GROVE OK.
FIRE DEPT.; REUBEN HERNANDEZ;
OKLAHOMA HIGHWAY PATROL,
Troop L; BILL HOBBS; HAYLEY LNU,
Grove Verizon Store Employee; GROVE
VERIZON AUTHORIZED RETAILER;
VERIZON COMMUNICATIONS, INC.,

    Defendants - Appellees.

No. 22-5001
(D.C. No. 4:21-CV-00142-CVE-CDL)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT***

_____

    * After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It

_____

Before **HOLMES**, Chief Judge, **KELLY** and **HARTZ**, Circuit Judges.

_____

Edwin Hardee Turlington, II, pro se, appeals the district court's order granting defendants' motions to dismiss.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  BACKGROUND

The district court summarized the relevant facts in its thorough and well-reasoned opinion and order dated December 21, 2021.  On April 14, 2014, Mr. Turlington caught three men burning what appeared to be "components used in a makeshift meth lab" on his family's property, and he "attempted to make a citizen's arrest."  R. at 601 (internal quotation marks omitted).  "One of the men, Darrell Philpott . . . , repeatedly [cursed at Mr. Turlington], challenged him to fight and grabbed a glass bottle from the ground."  *Id.* (internal quotation marks omitted).  "During this confrontation . . . , [Mr. Turlington] shot [Mr.] Philpott in the leg, which [he] allege[d] was in self-defense."  *Id.*

Mr. Turlington left the scene and began driving to Jay, Oklahoma.  As soon as he "had phone reception, he called 911 to get an ambulance for [Mr.] Philpott and notify the sheriff he was coming into town to make a statement."  *Id.* (brackets and internal quotation marks omitted).  But before he could get to the sheriff's office,

_____

may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Turlington "was pulled over by Jay police officer, defendant Bill Hobbs, who [allegedly] stuck a gun in [his] face, put [his] face to the pavement and put him in handcuffs." *Id.* at 602 (internal quotation marks omitted). After he was taken to the station, Mr. Turlington spoke to Detective Frank Miller, who in turn "called defendants Captain Melvin Gayle Wells and Sheriff Harlan Max Moore." *Id.* After speaking with Captain Wells and Sheriff Moore, Detective Miller "arrested [Mr. Turlington] on suspicion of assault with a deadly weapon." *Id.*

The following day, April 15, 2014, Mr. Turlington appeared before a judge; defendant Kenneth Eugene Wright appeared on behalf of the state. The judge told Mr. Turlington that bond would be set as soon as she received a probable cause affidavit. The next day, defendant Winston H. Connor, II, entered his appearance as defense counsel. Mr. Turlington was released the following day on an appearance bond.

On July 3, 2014, the district attorney, defendant Eddie Wyant, filed a one-count information charging Mr. Turlington with assault and battery with a dangerous weapon. That same day, Captain Wells filed a probable cause affidavit with the judge, "who found that probable cause existed at the time of . . . arrest." *Id.*

Defendant Nicholas Lelecas represented the state at the preliminary hearing in December 2015. Mr. Philpott, the victim, testified about "the events of April 14, 2014—the date [Mr. Turlington] shot him in the leg—and was subject to cross examination by [Mr. Connor]." *Id.* at 603. According to Mr. Turlington, "Lelecas entered known falsehoods into the record repeatedly, and . . . Connor failed to

[adequately] impeach [Mr.] Philpott." *Id.* (brackets and internal quotation marks omitted).

In February 2018, Connor filed a motion to withdraw as counsel, which the court granted. In July 2019, the court granted the motion filed by "Wright and Lelecas . . . to dismiss the charge against [Mr. Turlington] without prejudice [on the grounds that] [Mr.] Philpott failed to maintain meaningful contact/communication with the District Attorney's Office." *Id.* (internal quotation marks omitted). According to the allegations in Mr. Turlington's complaint, "Wright and Lelecas lied by omission [in] the motion to dismiss, because they did not state that [Mr.] Philpott was avoiding contact because he was once again a criminal fugitive." *Id.* (brackets and internal quotation marks omitted).

As explained by the district court,

> [m]uch of the remainder of [Mr. Turlington's] complaint focuses on 1) allegations of police abuse and prosecutorial discretion, naming . . . Wright and Moore [as defendants]; 2) a dispute between [Mr. Turlington] and a contractor, which [he] brought to Grove Police Sergeant, defendant Jerry Bohannon, who refused to get further involved; 3) disputes over Facebook posts and messages involving [Mr. Turlington], defendant Jeff Stout, a retired Grove City fire inspector, defendant Reuben Hernandez, an Oklahoma Highway Patrol trooper, and Grove Fire Chief, defendant Michael Steven Reed; and 4) a dispute with a . . . Verizon Wireless store [located in Grove, Oklahoma], and the store's employee, Hayley LNU.

*Id.* at 603-04 (internal quotation marks omitted).

According to Mr. Turlington, "these disputes arise from local law enforcement and the district attorney refusing to prosecute people who commit crimes against [him], and locals (including public officials) now believing they can openly threaten

4

[him] in public forums without being held accountable." *Id.* at 604 (brackets and internal quotation marks omitted).  He further alleged that "because the public is aware of Delaware County falsely arresting [him in April 2014], and that retired public officials can openly threaten [him], some citizens believe that calling the police on [him] for any trivial matter is acceptable." *Id.* (internal quotation marks omitted).

## II.  DISTRICT COURT PROCEEDINGS

Mr. Turlington's complaint, which names nineteen defendants, alleges claims for violation of (1) his civil rights, 42 U.S.C. § 1983; (2) the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964; and (3) the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132.

The district court granted defendants' motions to dismiss.  First, the court found that it lacked subject-matter jurisdiction over the § 1983 and RICO claims against the Office of the District Attorney and the Oklahoma Highway Patrol under the doctrine of sovereign immunity and dismissed those claims under Federal Rule of Civil Procedure 12(b)(1).

Next, the district court dismissed the § 1983 claims against the remaining defendants under Rule 12(b)(6) for failure to state a claim.  First, as to defendants Connor, Stockwell & Connor, PLLC, Wyant Law Firm, PLLC, Stout, Hernandez, LNU, Grove Verizon, and Verizon Communications, Inc., the court found that they were not acting under color of state law.  Second, the court dismissed the claims against defendants Wyant, Wright, and Lelecas on the grounds of prosecutorial

5

immunity. Third, the court found that defendants Captain Wells, Sheriff Moore, and Hobbs, were entitled to qualified immunity. Fourth, the court dismissed the claims against defendants Delaware County, Oklahoma, Delaware County Sheriff's Office, Grove Oklahoma Police Department, and City of Grove Fire Department because Mr. Turlington did not plead the existence of a custom or policy that resulted in the alleged constitutional violations. Last, the court found that Mr. Turlington failed to plead sufficient facts to "establish[] that [Sergeant] Bohannon or [Chief] Reed's conduct caused a constitutional deprivation." *Id.* at 617-18.

As to the RICO claims against all defendants other than the Office of the District Attorney and the Oklahoma Highway Patrol, who had sovereign immunity, the district court found those claims should be dismissed on the grounds that the complaint "does not state what other defendants were part of the enterprise alleged in the complaint" or any "plausible facts . . . as to any of the predicate acts . . . required to establish the pattern-of-racketeering-activity elements of a RICO claim." *Id.* at 618-19 (internal quotation marks omitted).

The district court dismissed the ADA claims against all defendants for failure to state a claim, noting that "[t]he only facts in the complaint that could relate to an ADA claim are [Mr. Turlington's] listed disabilities." *Id.* at 619. However, he "does not state what type of ADA claim he is asserting, against whom, or how any of the defendants discriminated against [him] based on his disability." *Id.*

Mr. Turlington appeals.

### III. STANDARD OF REVIEW

We review a dismissal for failure to state a claim de novo. *Thomas v. Kaven*, 765 F.3d 1183, 1190 (10th Cir. 2014). We likewise review facial challenges to the court's subject-matter jurisdiction de novo. *Laufer v. Looper*, 22 F.4th 871, 875 (10th Cir. 2022).

"Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets, citation, and internal quotation marks omitted).

> Thus, although we make some allowances for the pro se plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.

*Id.* (brackets, citation, and internal quotation marks omitted).

### IV. DISCUSSION

Federal Rule of Appellate Procedure 28(a)(8)(A) requires the argument section of an appellant's brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."

> Under Rule 28, which applies equally to pro se litigants, a brief must contain more than a generalized assertion of error, with citations to supporting authority. When a pro se litigant fails to comply with that rule, we cannot fill the void by crafting arguments and performing the necessary legal research.

*Garrett*, 425 F.3d at 841 (ellipsis, brackets, citation, and internal quotation marks omitted). "Consistent with this requirement, we routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief." *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007). *See also Garrett*, 425 F.3d at 841 ("Issues will be deemed waived if they are not adequately briefed." (brackets and internal quotation marks omitted)).

Mr. Turlington fails to adequately challenge the district court's opinion and order. In his opening brief, he raises two issues—"[b]ias of the trial judge" and whether "[t]he lower court usurped the function of a jury." Aplt. Opening Br. at 2. As support, he argues that he has a right to a jury trial under the Seventh Amendment but "the lower court judge appears to have her own predilections." *Id.* at 6. What follows are a string of conclusory statements, personal attacks on the district court judge, block quotes taken out of context from various sources, and a scattering of inapplicable case citations and/or misstatements of the law. For example, Mr. Turlington (1) attacks the opinion and order as "boilerplate," *id.* at 8, 9, 11; (2) accuses Congress of failing to clarify "what standard should be used to decide whether a case should be dismissed for failure to state a claim upon which relief can be granted," *id.* at 8 (internal quotation marks omitted); (3) admits that he "only raised the ADA because he was fairly certain the lower court would give him the 'bum's rush,'" *id.* at 10-11; (4) argues that Eleventh Amendment immunity "does not apply to lesser governmental units" such as the Office of the District Attorney and the Oklahoma Highway Patrol, when the law provides otherwise, *id.* at 10; (5) decries

8

prosecutorial immunity because "[n]o man in this country is so high that he is above the law," *id.* at 11 (internal quotation marks omitted); (6) suggests that "[q]ualified immunity may be on its way out, as well it should be. That doctrine led to the George Floyd riots," *id.* at 12; and (7) argues that he could not plead plausible claims for relief without "discovery," *id.* at 8, 11, 12, 13.

These arguments are irrelevant, unsupported, and unpersuasive. In short, they are insufficient to invoke appellate review. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong. Recitation of a tale of apparent injustice may assist in that task, but it cannot substitute for legal argument.").

## V.  CONCLUSION

The judgment is affirmed. We grant Mr. Turlington's motion to file his reply brief out of time.

Entered for the Court


Jerome A. Holmes
Chief Judge

9